[No. 13550.   Department Two.   November 13, 1916.]

FRUITLAND IRRIGATION COMPANY, *Respondent*, v. GEORGE L. THAYER *et al.*, *Appellants.*[1]

WATERS AND WATER COURSES—IRRIGATION—CONTRACTS — RESERVATION OF LIEN—FORECLOSURE.  A contract by an irrigation company to furnish water may, irrespective of statutory authorization, create a lien in the nature of a mortgage upon the water right granted to secure all sums that may be due under the contract; and, upon any default, the same is enforcible in an action in equity to foreclose the mortgage or discharge the lien by sale of the land and water right.

SAME—IRRIGATION—CONTRACT—ACTIONS—ENFORCEMENT OF LIEN— TENDER OF DEED.  In such an action, it is unnecessary that the company tender a water deed before action, where it is alleged that it would be vain, the grantee was in default, and the foreclosure decree and sale protected the grantees, allowing them a year for redemption.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered January 18, 1916, in favor of the plaintiff, overruling a demurrer to the complaint, in an action to foreclose a mortgage, tried to the court.   Affirmed.

*Smith & Mack*, for appellants.

*Osee W. Noble*, for respondent.

FULLERTON, J.—In December, 1909, the Fruitland Irrigation Company entered into a contract with George L. Thayer and wife whereby it agreed to sell them a perpetual right to the use of water from the company's canal for the purpose of irrigating 84.2 acres of land owned by the Thayers in Stevens county.   The purchasers agreed to pay for such water right the sum of $2,526, in installments of $505.20 each, on the first day of May in the years 1910, 1911, 1912, 1913 and 1914, with interest at the rate of seven per cent from May 1, 1910, on all deferred payments.   The contract also provided for the payment of an annual maintenance

[1]Reported in 160 Pac. 1048.

fee of three dollars per acre in advance on the first day of May of each year. Among the provisions of the contract, were the following:

"It is expressly understood and agreed that the purchase price of said water right and the annual maintenance fee shall be a charge and lien upon said land and the whole thereof, and in order to secure the payment thereof, the purchaser hereby mortgages said land with its appurtenances and said water right unto the company, and this mortgage may be enforced and foreclosed in any court of competent jurisdiction, according to the laws of the state of Washington; . . . and it is agreed that all overdue payments, either for the purchase price of said water right or for said maintenance fee, shall draw interest from the date of maturity thereof at the rate of eight per cent per annum.

"It is further agreed, that the company may, at its option, for default in any of the payments of the purchase price of said water right, or for default in the payment of any installment of principal or any interest payment at the time the same becomes due and payable, declare the whole amount agreed to be paid hereunder due and collectible, and may foreclose this mortgage and sell said premises with the appurtenances, including said water right, in the manner prescribed by law, and out of the money arising from said sale, after deducting the costs and expenses thereof, and such amount as the court shall adjudge reasonable attorney's fees, apply the balance to the payment of said amounts, rendering the overplus, if any, to the purchaser, and such foreclosure may be had with like proceedings, remedies and effect for default in the payment of said annual maintenance fee. . . . It is further understood and agreed that when the purchaser shall have made full payment of the purchase price for said water right, with interest as aforesaid, the company will execute and deliver to such purchaser a conveyance of the perpetual right to the use of said water upon said lands upon the terms and conditions herein contained. . . .

"Time and punctuality are material and of the essence of this contract."

The contract was regularly executed and acknowledged in accordance with the statutes governing conveyances of real property.

The Thayers made payments on May 10, 1910, October 4, 1911, and May 5, 1914, totaling $1,577.02, leaving a balance due on the principal sum for the right and maintenance fee amounting to $2,020.80. On the refusal to make any further payments, the Fruitland Irrigation Company began this action on July 3, 1914, to foreclose its lien upon the land covered by its contract and mortgage, making defendants George L. Thayer, the minor children of Mary E. Thayer, his wife, then deceased, and the Farmers & Mechanics Bank of Spokane, which held a mortgage on the land taken subsequent to the contract of the plaintiff.

The complaint alleged that plaintiff was an irrigation company engaged in the sale of water and water rights, and that, prior to the execution of the contract with the Thayers, it was the owner of one hundred and sixty cubic feet of water and had constructed its irrigation canals. It then set forth the contract and its breach substantially as before stated, and alleged its readiness and willingness to deliver a good and sufficient water deed, but that it had been informed by defendant George L. Thayer, "that they were financially unable to pay the amounts due, could not pay the same and could not carry out their part of said contract, and that a tender of a water deed as provided for in said contract would be a vain and useless act." The prayer was that the water contract in the form of a mortgage be decreed to have been executed for the purpose of securing such contract, and that such contract and mortgage be foreclosed in pursuance of law, and the property, together with the water right, be ordered sold by the sheriff; that plaintiff or any party to the suit may become a purchaser at such sale; that the defendants be barred and forever foreclosed of all right, lien, estate, claim, equity or interest in such premises; and that said mortgage and water right be decreed to be a first lien upon the premises.

The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of

action. The demurrer was overruled, and defendants elected to stand upon their demurrer and refused to plead further. The court, after making findings of fact and conclusions of law, entered its judgment against George L. Thayer for the sum of $2,663.70, being the amount of principal and interest due at date of the entry of the judgment; further adjudging the contract to be a mortgage and a valid lien upon the real property described, together with the water right appurtenant thereto, first and superior to the claims and liens of the defendants and each of them, decreeing that the same be foreclosed and the property sold in accordance with the practice in such cases, reserving, however, to the defendants George L. Thayer and the Farmers & Mechanics Bank, and each of them, the right to redeem the lands and water right within one year after date of the sheriff's sale. The defendants George L. Thayer and the Farmers & Mechanics Bank appeal from the decree.

The appellants, proceeding upon the theory that the action is one for specific performance, contend that the complaint is insufficient as against general demurrer because of its failure to allege a tender of a deed by respondent, and to keep good the tender by bringing the deed into court. They also contend that, if the action be intended as one for damages, the complaint is insufficient because the damages have not been alleged. It is sufficient to say that the complaint fairly discloses on its face that it is designed neither for specific performance nor for damages, but has been drawn on the theory that the contract between the parties is what it assumes to be, namely, a contract in the nature of a mortgage creating a lien upon the land and upon the water right of appellant Thayer for any sums that may be due from him to respondent under the contract. The complaint is sufficient for this purpose; it aptly sets forth the charge and lien on appellant's land expressly created by the terms of the contract, and alleges the amount due and owing from Thayer to

respondent; it prays for the foreclosure of such lien and for an order of sale of the property and water right and the application of the proceeds of sale to satisfy respondent's claim, attorney's fees and costs, and the payment of any balance over to the party found entitled thereto.  That contracts of this character are legal is well settled.

"In a number of the western states it is provided by statute to the effect that the contract amount  .  .  .  to be paid to water companies by the consumers furnished with water shall be a first lien upon the land for the irrigation of which the water is furnished and delivered.  But whether this right is provided for by statute or not, we take it that a corporation has the power to make such a contract with its consumers, and that the lien so provided for may be enforced.  .  .  . But in order to create the lien on the land the language used in the contract must be definite and specific, and must be a direct  declaration that such a lien is created by its terms. .  .  .  The usual method of procedure for enforcing such contracts where the payment of the water rates is neglected or refused is by a foreclosure and sale of the lien."   3 Kinney, Irrigation and Water Rights (2d ed.), § 1522.

The only statute in this state on the subject is found in the provisions for the reclamation of arid lands under the Carey act.  Rem. 1915 Code, § 6721.  While this statute is limited in its scope to water rights under the Carey act and does not apply generally, it shows the legislative recognition of the right to create such liens and enforce them by foreclosure. But, irrespective of statutory authorization, it is the undoubted right of parties by contract to agree between themselves that the property of one shall be security to the other for any debt owing by the former.  The contract here in controversy provides  for  the sale by respondent to appellant Thayer of a water right, and that to secure the deferred payments appellant "mortgages his land with its appurtenances and said water right" unto respondent, "and this mortgage may be enforced and foreclosed in any court of competent jurisdiction according to the laws of the state of Washing-

ton." Even if it were conceded that the instrument lacked any of the essential elements of a mortgage, it certainly possesses all the elements of a lien created by contract on specific property, enforcible for any default in a court of equity. The decree of the court directed the sale of both the land and the water right which would pass title to the water right as against respondent, a party to the action, notwithstanding the respondent had never tendered, nor brought into court, a deed for such water right. Its contract provided for foreclosure and sale of such water right on the enforcement of its lien, and all title of respondent therein would necessarily pass to the purchaser at sheriff's sale. Appellant Thayer and all claiming under him were protected in the decree, which allowed a year for redemption of such lands and water right from the execution sale.

What we have said disposes of the other assignments of error made by the appellants, and renders their further discussion unnecessary. We find no error in the rulings of the trial court, and its decree is affirmed.

MORRIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.